IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES E. CLARK,

    Plaintiff,

vs.

P. L. VASQUEZ, et al.,

    Defendants.

CV F 07 0408 LJO WMW PC

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

    Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    This action proceeds on the complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at CCI Tehachapi, brings this civil rights action against defendant correctional officials employed by the CDCR at Wasco State Prison. Prison.

    Plaintiff's statement of claim, in its entirety, follows.

> On August 16th, 2006, I was working preparing dinner in the 'A' yard dining kitchen. I was on my way to the scullary for 6" serving pans I slipped where an I/M was cleaning oven racks, and fell on my back on the concrete floor. I fell because I attempted to change directions not knowing the floor was covered with grease and cleaning solution. I'm suing Wasco State Prison for negligence on their part.

1

1    To warrant relief under the Civil Rights Act, a plaintiff must allege and show that
2 defendant's acts or omissions caused the deprivation of his constitutionally protected rights.  Leer
3 v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993).    In order to state a claim under § 1983, a
4 plaintiff must allege that: (1) a person was acting under color of state law at the time the
5 complained of act was committed; and (2) that person's conduct deprived plaintiff of rights,
6 privileges or immunities secured by the Constitution or laws of the United States.  Paratt
7 v.Taylor, 451 U.S. 527, 535 (1981).
8    The Eighth Amendment provides that "cruel and unusual punishment [shall not be]
9 inflicted."  "An Eighth Amendment claim that a prison official has deprived inmates of humane
10 conditions of confinement must meet two requirements, one objective and the other subjective."
11 Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir.) cert. denied, 514 U.S. 1065, (1995).
12    The objective requirement is met if the prison official's acts or omissions deprived a
13 prisoner of "the minimal civilized measure of life's necessities."' Id. (quoting Farmer v. Brennan,
14 511 U.S. 825, 834 (1994)).  To satisfy the subjective prong, a plaintiff must show more than
15 mere inadvertence or negligence.  Neither negligence nor gross negligence will constitute
16 deliberate indifference.  Farmer, 511 U.S. at 833, & n. 4; Estelle v. Gamble, 429 U.S. 97, 106
17 (1976).  The Farmer court concluded that "subjective reckLesness as used in the criminal law is a
18 familiar and workable standard that is consistent with the Cruel and Unusual Punishments
19 Clause" and adopted this as the test for deliberate indifference under the Eighth Amendment.
20 Farmer, 511 U.S. at 839-40.
21     Here, Plaintiff alleges facts which, at most, suggest negligence.  There are no facts
22 indicating that any of the individual defendants knew of and disregarded a serious risk to
23 Plaintiff's health or safety.  Further, Plaintiff fails to charge any of the individual defendants with
24 specific conduct.  In order to hold an individual defendant liable, Plaintiff must charge that
25 defendant with facts indicating that they engaged in conduct that constitutes deliberate
26

indifference as that term is defined above.

The court finds the allegations in plaintiff's complaint vague and conclusory. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   March 17, 2008**           **/s/  William M. Wunderlich**
                                    UNITED STATES MAGISTRATE JUDGE